[Dillard v. Savage.]

# Dillard v. Savage.

*Appeal from Order Granting a New Trial.*

1. *Exception not sufficiently specific.*—An exception to the order of the trial court in granting a new trial, which states that the appellant "excepted to the action of the court in granting said motion, and in setting aside said verdict," is not specific; and though it was claimed that the time allowed by the practice of the court for hearing the motion had not elapsed, the exception, as assigned, does not raise that inquiry.

2. *When this court will not reverse.*—This court cannot know the motives of the presiding judge in granting a new trial. He hears the testimony and observes the manner of the witnesses, and when the evidence set out in the bill of exceptions does not "plainly and palpably support the verdict," the court will not feel justified in reversing such order.

APPEAL from Mobile Circuit Court.

Tried before the Hon. W. E. CLARKE.

Maria L. Savage brought an action of ejectment in the Circuit Court of Mobile to recover of C. E. Dillard the possession of a house and lot in the City of Mobile. There was a trial of the case, and judgment for the defendant. Upon motion of the plaintiff, the presiding judge set aside the verdict, and ordered a new trial. From this order this appeal was taken.

GREGORY L. & H. T. SMITH, for appellant.

T. A. HAMILTON, for appellee.

STONE, C. J.—The present case is one in which a new trial was granted. By rules of practice adopted and prevailing in the Circuit Court of Mobile county, Mondays are set apart as motion days; and when the motion is for a new trial, "at least one entire day's notice shall be given to the opposite party, or his attorney." The motion was set for Monday, June 6, 1892, and the notice of the motion was served on counsel Saturday, June 4. The motion was heard and granted on Monday, defendants' counsel not appearing. It is claimed that as the intervening day was Sunday—*dies non juridicus*—there was a failure to give *one entire day's* notice, and that the order granting a new trial must be set aside for that reason.—*Robertson v. State*, 43 Ala. 325.

[Richards v. Richards.]

The only exception reserved to the action of the court was in the following language : "On Monday, June 13, 1892, said attorneys appeared in open court, and excepted to the action of the court in granting said motion, and in setting aside said verdict." The only error assigned is, that "The court erred in the order and judgment of June 6, 1892, by setting aside the verdict of the jury in said cause, and by granting to the plaintiff a new trial of said cause."

Exceptions, to avail in this court, must be specific; must so specify the point of objection as to direct attention to the error complained of.—3 Brick. Dig. '80, §§ 33 et seq. But this principle must not be extended too far. If the exception presents the point of objection so as to be readily understood, this is enough. We are simply following an established rule, not declaring a new one.

We think the exception reserved in this case, and the error assigned, only question the propriety of the order granting the new trial, and do not raise the inquiry of the time when it was heard, or the sufficiency of the notice.

The presiding judge heard the testimony of the witnesses, observing their manner, and had better opportunities for pronouncing on its weight and convincing power than we can have. He was possibly dissatisfied with some parts of the instructions he had given the jury. We can not know the motives which influenced him farther than the order he granted indicates them. The evidence set out in the bill of exceptions does not so "plainly and palpably support the verdict," as to call for, or justify a reversal of his order granting a new trial.—Cobb v. Malone, 92 Ala. 630; White v. Blair, 95 Ala. 147; City of Mobile v. Murphree, 96 Ala, 141

Affirmed.