# Winter & Loeb v. Judkins.

*Statutory Action of Detinue.*

1. *Action of detinue; when mortgage executed by defendant inadmissible as impeaching testimony.*—Where, in an action of detinue, the plaintiff' title is rested upon a mortgage, and the defendant sets up the payment of the mortgage debt, but the plaintiffs contend that the sum claimed to have been paid thereon by the defendant was given as a payment on a mortgage debt due to another, and on the trial the defendant as a witness testified that he had never given a mortgage to such other person, and upon being shown a mortgage purporting to have been executed by him to such third person, stated that the mortgage was executed by himself and wife, but that he thought it was a renewal of the mortgage formerly executed to the plaintiffs, and there was no other proof of the execution of said mortgage than this admission by the defendant as a witness, such mortgage if not admissible in evidence in rebuttal and contradiction of the evidence of the defendant and as impeaching testimony.

2. *New trial.*—New trials can not be granted merely because the court sitting as a jury would have rendered a verdict different from that returned by the jury; and where the evidence on the trial of a cause is directly conflicting upon material facts, and the presiding judge has the same opportunity of hearing the witnesses and observing their manner as had the jury, and there was evidence, which, if believed, authorized the verdict rendered, and under these circumstances the trial court refused to disturb the verdict, the appellate court will not reverse the judgment of the trial court in thus refusing a new trial.

3. *Same; what motion on ground that verdict was contrary to law should contain.*—When a motion for a new trial is based upon the ground that the verdict was contrary to law, the motion should specify wherein the law was disregarded, so as to call the attention of the court to the point relied upon.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.

[Winter & Loeb v. Judkins.]

. This was a statutory action of detinue, brought by the appellants, Winter & Loeb, against the appellee, Elias Judkins. The facts of the case are sufficiently stated in the opinion. There was judgment for the defendant. The plaintiffs appeal, and assign as error the ruling of the court in excluding from the evidence the note and mortgage to Leon Loeb, and the judgment of the court in overruling the motion for a new trial.

E. P. MORRISETT and LOMAX & LIGON, for appellants,

KIRKPATRICK & MACDONALD, *contra*.

COLEMAN, J.—The appellants, as mortgagees, sued in detinue to recover two bales of .cotton and a certain number of bushels of corn. The defense relied upon was payment of the mortgage debt. The principal contention arose from the application of a check for one hundred and sixty-two dollars, drawn by plaintiffs in favor of the defendant. The plaintiffs contended that this check was given as a partial payment upon a mort- gage debt alleged to be due to one Leon Loeb from the defendant. The defendant testified, that it was given in settlement of a balance·due from him to the the plaintiffs for the previous year, and constituted a part of the consideration of the mortgage debt, under which the present action was instituted. It appears from the evidence, that if the balance due from the previous year, was carried into the present mortgage, and the check for one hundred and sixty-two dollars was applied by the defendant as a partial payment on a debt due Leon Loeb, then the mortgage had not been satisfied; but if the balance of the previous year was paid by the check, so that the amount of the check, and the additional advancements made that year, was the entire considera- tion of the mortgage debt, then it seems the payments made were sufficient to· satisfy and ex- tinguish the mortgage. This was the real issue. On the trial, on cross-examination, the defendant was asked, ''If he did not borrow the amount of the check to pay on a mortgage debt he owed to Leon Loeb?'' to which the witness replied, ''that he had never given a mortgage to Leon Loeb.'' Having been shown a mortgage to Leon Loeb, purporting to have been executed by the witness

and his wife, the witness stated, that was his signature and that he and his wife executed the mortgage, but "thought when he signed it, that it was a renewal of one formerly executed to Winter & Loeb, the plaintiffs." The evidence tended to show that the consideration of the mortgage to Leon Loeb was in satisfaction of a debt previously owing by defendant to Winter & Loeb.

The plaintiffs offered testimony tending to show that Leon Loeb had entered a credit on his mortgage of one hundred and sixty-two dollars, the amount and date of the check. The plaintiffs offered in evidence, "in rebuttal and contradiction of the evidence of the defendant," the Loeb mortgage. Upon the objection of the defendant the mortgage was excluded, to which ruling the plaintiffs excepted. This is assigned as error. Appellants contend, that it was admissible as impeaching testimony. We do not think so. The entry of credit by Leon Loeb, might become evidence against him under some circumstances, but it was not competent for any purpose against the defendant. Its object might have been to corroborate the testimony of Leon Loeb, by an entry made by himself. Again, although the defendant had testified that he never executed a mortgage to Leon Loeb, and if this was all of his evidence as to the mortgage, it would have been competent, upon proper proof of the execution of the mortgage, to introduce it before the jury as contradictory evidence; yet having been shown the mortgage, he stated that he and his wife executed it to secure the debt. What more could the mortgage have proven than that admitted by the witness? Whether the explanation given by the witness was true and satisfactory was a question for the jury. There was no proof of the execution of the mortgage other than the admission of the witness.—*Russell v. Walker*, 73 Ala. 317; *Ellerson v. The State*, 69 Ala. 3; *R. & D. R. R. Co. v. Jones*, 92 Ala. 218.

The jury returned a verdict for the defendant.

The plaintiffs entered a motion for a new trial upon the grounds, 1st, that "the verdict of the jury was contrary to the evidence;" 2d, "that it was contrary to law." Only the first ground is insisted upon in argument.

New trials can not be granted merely because the court sitting as a jury would have rendered a verdict

different from that returned by the jury. The witnesses were before the court and jury. They saw their manner of testifying. The credibility of the witnesses was put to the test by the issue. Their evidence directly conflicted upon a material fact. It was incumbent upon the jury to find the truth. The issue was found for the defendant. The presiding judge had the same opportunity of hearing the witnesses and observing their manner as the jury. There was evidence which, if believed, authorized the verdict rendered. The court refused to disturb the verdict. Probably this court would have come to a different conclusion from the evidence, than that reached by the jury, but we do not feel, in view of all the facts, authorized to reverse the judgment of the trial court in refusing a new trial.

When a motion for a new trial is based upon the ground that the verdict was contrary to law, the motion should specify wherein the law had been disregarded, so as to call the attention of the court to the point relied upon.

Affirmed.