# Alabama Midland Railway Co.
# v. Brown, Admr. Etc.

*Action by Administrator against Railroad Company to recover for the alleged negligent killing of Plaintiff's intestate.*

1. *Trial and its incidents; appeal; when bill of exceptions will be stricken from the record.*—Where a bill of exceptions is not signed at the term of the court at which the judgment appealed from is rendered, and there is no order made by the court allowing said bill of exceptions to be signed after the adjournment of said term, and there is no agreement by counsel in writing to such effect as by law provided, (Code, § 616), such bill of exceptions will not be considered by the court on appeal, but will be stricken from the record on motion.

[Alabama Midland Railway Co. v. Brown, Admr., etc.]

2. *Pleading and practice; sufficiency of judgment on demurrer.*
The recital in a judgment entry that demurrers to designated
pleas are, by the court, overruled or sustained, does not
constitute a judgment upon such demurrers, and such rul-
ings upon the demurrers will not be reviewed on appeal.
3. *New trials; when granted because verdict not supported by the
evidence.*—The judgment of a trial court refusing a motion
to grant a new trial, on the ground that the evidence was not
sufficient to support a verdict, or that the verdict was con-
trary to the evidence, will not be reversed unless, after al-
lowing all reasonable presumption of its correctness, the
preponderance of the evidence against the verdict is so de-
cided as to clearly convince the court that it is wrong and
unjust.
4. *Same; review of rulings upon motion.*—When a motion for a
new trial is based upon the ground that the verdict is con-
trary to the law or that errors of law occurred during the
trial, in reference to the rulings of the court upon the evi-
dence, and otherwise, the errors must be specifically pointed
out; and a general assignment will be disregarded.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellee, J. M.
Brown, as administrator of the estate of J. L. Brown,
deceased, against the Alabama Midland Railway Com-
pany, to recover damages for the alleged negligent kill-
ing of the plaintiff's intestate, while he was alleged to be
in the discharge of his duties at the time he received the
injuries resulting in his death.

The complaint contained two counts, in which the
plaintiff sought to recover $25,000 damages. The de-
fendant interposed demurrers to each of the counts of
the complaint. The judgment entry as to the rulings of
the court upon these demurrers was as follows: "And
the defendant demurs to the complaint, which demurrer
being argued by counsel and understood by the court, is
hereby overruled." The defendant pleaded the general
issue and several special pleas, in which it sought to set
up facts showing that neither the defendant nor its em-
ployees were guilty of negligence at the time of the ac-
cident which resulted in the death of plaintiff's intestate.

There were demurrers interposed by the plaintiff to
these several special pleas. The judgment entry relating

to the rulings of the court upon these demurrers was as follows: "The plaintiff thereupon demurs to pleas numbered * * * which demurrers are sustained by the court." Under the decision on the present appeal, it is unnecessary to set out the facts in detail.

The jury returned a verdict assessing the plaintiff's damages at $5,373.24, for which amount judgment was rendered. Thereupon the defendant made a motion for a new trial, which was in words and figures as follows: "Now comes the defendant, and doth move for a new trial in said cause, and for the court to set aside and vacate said judgment: 1st. The verdict was contrary to law; 2d. The verdict was contrary to the facts; 3d. The court erred in refusing the charge requested by the defendant in writing, namely, charge No. 2; or charge No. 1; or charge No. 4; or charge No. 7; or charge No. 8; or charge No. 15; or charge No. 16; or charge No. 16½; or charge No. 17; or charge No. 18; or charge No. 20; or charge No. 21; or charge No. 22; or charge No. 23; or charge No. 24. 4. The court erred in its exclusion of testimony against the objection of defendant. 5. The court erred in its refusal to exclude testimony against the objection of defendant. 7. Said verdict is excessive." This motion for a new trial was overruled, and to this ruling the defendant duly excepted. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

In this court a motion was made to strike the bill of exceptions from the file on the ground that said bill of exceptions was signed after the adjournment of the court for the term during which the judgment in the cause was rendered, without any order being made by the court allowing said bill of exceptions to be signed after said adjournment, and no agreement of counsel in writing was made to such fact as by law required.

The record discloses the following facts: The suit was brought on September 7, 1896. Judgment was rendered in favor of the plaintiff on October 19, 1898. That on January 2, 1899, a motion was made for a new trial. On February 17, 1899, the motion for a new trial was continued and the court adjourned without making any

order extending the time for the presentation of the
bill of exceptions, or an order that such bill of exceptions.
could be signed after adjournment; and there was no
agreement between the counsel in the case of such fact.
The record shows that on April 1, 1899, the motion for
a new trial was overruled; that on May 1, 1899, the bill
of exceptions was filed with the clerk of the court, and
on June 12, 1899, the judge signed said bill of exceptions.

A. A. WILEY and CHARLES WILKINSON, for appellant,
cited *Tuck v. L. & N. R. R. Co.,* 98 Ala. 152; *M. & B. R.
R. Co. v. Holborn,* 84 Ala. 133; *L. & N. R. R. Co. v. Davis,*
91 Ala. 487; *M. & O. R. R. Co. v. George,* 94 Ala. 199; *L.
& N. R. R. Co. v. Campbell,* 97 Ala. 151.

JOHN W. A. SANFORD, JR., *contra.*—The motion to
strike the bill of exceptions should have been sustained.
*Morris v. Brannon,* 103 Ala. 602; *L. & N. R. R. Co. v. Ma-
lone,* 116 Ala. 600; *Alexander v. State,* 117 Ala. 220;
*Kimball v. Penny,* 117 Ala. 245; Code, §§ 616, 617.

This court can not consider bill of exceptions filed
after the lapse of the term, and to determine whether it
was filed after the term, juridical notice will be taken of
the times fixed by law for holding court.—*State v. Brod-
erick,* 70 Mo. 622.

Upon the evidence in this case, the plaintiff was en-
titled to recover.—*L. & N. R. R. Co. v. Anchors,* 114 Ala.
492; *Same v. Campbell,* 97 Ala. 147; *Same v. Markee,*
103 Ala. 160; *A. G. S. R. R. Co. v. Hall,* 105 Ala. 599;
*Woodward Iron Co. v. Herndon,* 114 Ala. 191; *L. & N.
R. R. Co. v. Bouldin,* 110 Ala. 185.

The motion to set aside the judgment and for a new
trial was properly overruled.—*Perry Co. v. King,* 117
Ala. 533; *L. & N. R. R. Co. v. Bernheim,* 113 Ala. 489;
*Taylor v. Corley, Ib.* 580; *Nelson v. Steiner, Ib.* 562;
*Winter v. Judkins,* 106 Ala. 259; *Holloway v. Harper,*
108 Ala. 647; *Cobb v. Malone,* 92 Ala. 635.

SHARPE, J.—Section 616 of the Code provides that
bills of exceptions must be signed at the term at which
the exception was taken unless the time for signing it
is extended by an order of the court.

The October term 1898 of the city court at which the trial of this cause was had could not have extended beyond the time fixed by law for beginning the February term 1899, and it was on June 12, 1899, that the bill of exceptions was signed. Therefore, the motion to strike out the assignments of error based on rulings made at the main trial must prevail.

No record entry appears which amounts to a judgment on demurrers to pleading, and for lack of such judgment the assignments of error relating to such demurrers are left without support,—*Bessemer L. & I. Co. v. Dubose,* 125 Ala. 442; *Hereford v. Combs,* 126 Ala. 369; *Blankenship v. Owens,* 27 So. Rep. 974; *Jasper Mer. Co. v. O'Rear,* 112 Ala. 247.

This condition of the record confines our consideration to the trial court's ruling on the motion for a new trial. As to that ruling the bill of exceptions stands, since the presumption is that the following term at which the motion was tried not being adjourned by law had not in fact adjourned when the bill was signed. In reviewing the court's ruling on the motion we have examined the record and find that the complaint presents a good cause of action; that there is evidence from which the jury might reasonably have found for the plaintiff under the first count as amended, if not under the second count, and that the damages as to amount was not unwarranted by the evidence. To authorize a reversal for overruling a motion for a new trial on the ground that the verdict is insufficiently supported by evidence, there must be a palpable failure of proof to support the verdict.—*Dillard v. Savage,* 98 Ala. 598; *Cobb v. Malone,* 92 Ala. 630.

The grounds of the motion not disposed of by what has been said are so general that the trial court cannot be put in error for overruling them. One is in effect that the court erred in refusing one or another of sixteen written instructions. Another assigns generally the exclusion of testimony against defendant's objections; and another assigns in the same way the admission of testimony against its objections. There were several of such rulings both in excluding and admitting evidence. A

motion for new trial, based on errors of law occurring during the trial should be specific so as to direct the court's attention to the particular matters sought to be examined for error.—*Cobb v. Malone, supra.*

The judgment must be affirmed.