# Levy v. The State.

*Indictment for Selling or Soliciting the Sale of Liquors contrary to Law.*

1. *Soliciting sale of liquor in prohibition district; shipment not necessary to complete offense.*—Under an indictment for soliciting or receiving an order for spirituous, vinous or malt liquors in a district in which the sale of such liquors is prohibited by law (Code, § 5087), an actual shipment of the liquor ordered is not necessary to complete the offense

[Levy v. The State.]

charged; and, therefore, a charge is erroneous and properly refused which instructs the jury "that merely soliciting or receiving an order for liquor," in the prohibited district, "which is not shipped on that order, is no offense under the law."

APPEAL from the County Court of Bibb.

Tried before the Hon. W. L. PRATT.

The indictment under which the appellant was tried contained three counts. The first two counts charged the defendant with selling spirituous, vinous or malt liquors in Bibb county without a license and contrary to law. The third count charged that the defendant Mose Levy within the limits of the district in which the sale of spirituous, vinous or malt liquors was prohibited by law, had solicited or received from William Kemp an order for spirituous, vinous or malt liquors to be shipped into such district against the peace and dignity of the State of Alabama."

The testimony of the witness Kemp both on his direct and cross examination is sufficiently stated in the opinion.

The defendant as a witness in his own behalf testified that while he was at Blocton, William Kemp asked him to send him two quarts of whiskey, but that the defendant told Kemp that he could not send the whiskey as he, Kemp, was a minor. The defendant further testified that after he returned to Birmingham, he received an order from the father of William Kemp and upon said order he sent the whiskey into Bibb county.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that merely soliciting or receiving an order for liquor in Beat 10, Bibb county, which is not shipped on that order is no offense under the law." (2.) "I charge you, gentlemen of the jury, that you must find the defendant not guilty."

The defendant was convicted for the offense charged in the third count, and from that judgment of conviction he prosecutes the present appeal.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—By an act approved February 28th, 1881, (Acts, 1880-81, p. 187), the sale of spirituous, vinous and malt liquors in Bibb county is prohibited. Section 5087 of the Code makes punishable as for a misdemeanor "any person who within the limits of any district in which the sale of spirituous vinous or malt liquors is prohibited by law, solicits, or receives any order for spirituous, vinous or malt liquors to be shipped or sent into such district," etc.

The State's witness testified on direct examination that defendant was a representative of a "whiskey house" in Birmingham, which city we judicially know to be out of Bibb county. He further testified that on one occasion defendant being in Bibb county asked him, the witness, if he could send him anything this time, that he, the witness, answered "yes, two quarts;" that meant two quarts of whiskey, and that he got the whiskey, and that his father paid for it. On cross examination the witness said "the way of it was that he asked defendant to send him two quarts and defendant told him that he could not; that he, witness, was a minor, and that he could not send it to him without his father's consent." The apparent conflict between the first and last of these statements did not as matter of law, require the rejection of either statement though the same witness made them both, but the conflict was for the jury to pass upon. The first statement if believed might well have been interpreted by the jury as a solicitation by defendant of an order for the shipment of whiskey into Bibb county.

An actual shipment of liquor is not necessary to complete the offense prohibited by the Code section referred to, as is assumed by charge 1 refused to defendant.

Judgment affirmed.