[Jones & Co. *et al.* v. Tucker.]

# Jones & Co. *et al. v.* Tucker.

| 132 | 305 |
|-----|-----|
| 141 | 559 |
| 132 | 305 |
| 144 | 279 |

*Action for Breach of Contract of Employment.*

(Decided December 17th, 1901.)

1. *New trial; motion for, when not granted.*—Where there is not a palpable failure of the evidence to support the finding of a jury, the action of the trial court in overruling a motion for a new trial will not be reversed.

2. *Same; damages awarded; efforts of plaintiff to reduce his damages.*—In an action for breach of contract of employment, where the evidence does not clearly justify the contention that the plaintiff could by reasonable efforts have reduced his damages by earnings in work in the same neighborhood similar to that provided for in the contract, the verdict will not be disturbed, on motion for new trial, because of the *quantum* of damages awarded.

3. *Same; newly discovered evidence.*—Where newly discovered evidence relied on as ground for a new trial is of an inconclusive character, consisting of admissions made by plaintiff to third persons, such as are to be received and weighed with great caution, the Supreme Court will not reverse the lower court for refusing a new trial.

APPEAL from Coffee Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

Action by W. M. Tucker against A. R. Jones & Co., a partnership, and the individual members of the firm, for the breach of a contract of employment by which Tucker was employed as a clerk for defendants for one year, at a salary of $40 per month, beginning September 1st, 1898. There were verdict and judgment for plaintiff for $417.50. Defendants filed a motion for a new trial upon the following grounds: "1st. Because the verdict was contrary to the law and the evidence. 2nd. Because the verdict is contrary to the law of this case. 3rd. Because the verdict is contrary to the law and the evidence. 4th. Because since the trial of said cause

20s

the defendant has discovered new, important and material evidence in the case, which was unknown to them at the time of the trial, and could not have been discovered by them by the use of due diligence."

The evidence in the case (which was offered upon the hearing of the motion for a new trial) was in conflict. The plaintiff testified to the making of the contract with Jones, a member of the partnership, and to his discharge without cause in November, 1898. Jones denied this, and his evidence and that of other witnesses for defendants tended to show that Tucker was employed by the month at $25 a month. Plaintiff testified that after he quit working for defendants in November he remained idle in the town until late in February or early in March, when he began working for some Jews on commission, but quit them after working only one day, and that after quitting them he sought no other employment in Elba and could hear of no one wanting to employ anyone, and that he remained idle until after September, 1899.

. The newly discovered evidence upon which defendants relied for obtaining a new trial was to the effect, that the witness had had a conversation with Tucker in November, 1898, in which Tucker said he had not quit working for defendants, but was going to quit; that the firm wanted him to go to their commissary and work, but that he was not going; that he could get forty dollars a month to work at said commissary, but that he was only getting at the time of said conversation and had been previously getting $25 per month.

HICKMAN & RILEY and ESPY, FARMER & ESPY, for appellants.—(1.) It was plaintiff's duty to use reasonable efforts to get other employment in the community, similar to that at which he had been engaged.—17 Am. & Eng. Ency. Law (1st ed.), 795, 796; Sedgwick on Dam. (7th ed.), 166; *Strauss v. Meertief*, 64 Ala. 299; *Murrell v. Whiting*, 32 Ala. 54; *Holloway v. Talbot*, 70 Ala. 389; *Wilkinson v. Black*, 80 Ala. 329; *Liddell v. Chidester*, 84 Ala. 508. (2.) The verdict was in palpable disregard of the evidence.—*A. G. S. R. R. Co. v. Powers*, 73

Ala. 244; *Rash v. The State*, 61 Ala. 89. (3.) The newly discovered evidence required the granting of a new trial.—16 Am. & Eng. Ency. Law, 564; *K. C., M. & B. R. R. Co. v. Phillips*, 98 Ala. 159.

SOLLIE & KIRKLAND and J. M. LOFLIN, *contra.*

SHARPE, J.—So far as the motion for a new trial questions the propriety of the verdict the rule applicable on this appeal is that laid down in *Cobb v. Malone*, 92 Ala. 330, where it was in effect declared that where there is not a palpable failure of evidence to support the finding of the jury the action of the trial court in upholding the verdict will not be deemed erroneous. Here there is no such failure of evidence. On the main question of whether the contract sued on was in fact made there was a mere conflict of evidence such as was proper for solution by the jury alone.

No separate question as to the *quantum* of damages appears to have been raised on the main trial, and we would hesitate to affirm that the grounds assigned for a new trial are sufficiently definite to raise the question in that proceeding.—See *Winter v. Judkins*, 106 Ala. 259. But apart from that consideration, the evidence does not clearly justify the contention here made that the plaintiff could by reasonable efforts have reduced his damages by earnings in work in the same neighborhood similar to that provided for in the contract alleged to have been made and broken.

The evidence claimed to have been first discovered after the trial is at most of an inconclusive character consisting wholly of admissions made by plaintiff to third persons such as the rules of evidence declare should be received and weighed with great caution.

Allowing scope for that reasonable discretion which the trial court may lawfully exercise in acting on motions for new trials, it is not apparent that error was committed in overruling the motion in question.

Judgment affirmed.