# Town of Vernon *v.* Wedgeworth.

*Action for Damages for Maintaining a Nuisance.*

(Decided Nov. 22, 1906.   52 South. 749.)

1. *Nuisance; Action for Damages; Pleading.*—The allegations that the privy was erected by defendant city, and that it was erected under the charter power authorizing the erection and maintenance of privies by such city, is a sufficient statement that the privy was erected by authority of the defendant city.

2. *Pleadings; Demurrers; Specification of Grounds.*—No objection can be taken by demurrer which is not distinctly stated in the same, and no demurrer can be allowed in pleadings but to matters of substance, which the party demurring must specify.   Sec. 3303, Code 1896.

3. *Nuisance; Nature of Elements.*—In an action for damages for maintaining a privy alleged to be a nuisance, it is not essential to the plaintiff's right of action that the privy be negligently constructed, as plaintiff is entitled to recover if the existence of the privy of itself amounts to a nuisance.

4. *Apppeal; Questions Reviewable; Presentation; Waiver.*—Although the rulings of the trial court are assigned as error, they will not be reviewed on appeal, if there is neither argument nor citation of authority in brief of appellant to support the assignments.

5. *Nuisance; Action for Damages; Evidence.*—In an action for damages for the maintenance of a nuisance by maintaining a privy, it is competent to show that odors arising therefrom caused plaintiff and his family physical discomfort.

6. *Same.*—It is inadmissible to show that at the time plaintiff purchased his property there was a public privy at or near the place where the one in controversy is, in the absence of proof

[Town of Vernon v. Wedgeworth.]　·

or offer of proof to show how the privy was maintained, and is too indefinite as to the property purchased.

7. *Same.*—As to whether the privy as maintained was a nuisance, it was competent to show that while plaintiff was sitting in his dining room he could see paper and droppings falling therefrom.

8. *Same; Defenses.*—Proof that when plaintiff bought his property there was a public privy at or near the place of the one in controversy, is not sufficient to defeat, of itself, plaintiff's right of recovery.

9. *Evidence; Value of Property.*—As to what plaintiff would or would not take for his home after the erection of the alleged nuisance, is inadmissible on the issue of the market value of his premises.

10. *Same.*—Where the action might have been maintained and the jury might have found that the privy was a nuisance from the manner in which it was maintained, aside from whether or not it was negligently constructed, an objection to a question to plaintiff as to why a trade for his premises fell through cannot be sustained on the grounds that no facts were shown that defendant had committed any wrong in the erection of the privy.

11. *Witnesses; Examination.*—It is proper to sustain an objection to a question "if the witness did not think that so and so was so," as it called for an opinion and not the knowledge of the witness.

12. *Trial; Reception of Evidence.*—The defendant objected to the introduction of the ordinance under the authority of which the privy was erected, and for grounds therefor, stated that he expected to show that the privy so erected was burned. Held; objections to evidence cannot be based upon anticipation by the adverse party of what his evdence will be.

13. *Same; Requested Instructions; in Bulk.*—The bill of exceptions states the defendant asked the court to give the following charges, which the court refused to do, and the defendant separately excepted to the refusal of the court to give each of said charges, and then sets out the charges. Held, a request in bulk, and no error will be imputed to the trial court, if any single charge is bad.

APPEAL from Lamar Circuit Court.

Heard before HON. S. H. SPROTT.

Action by Nathaniel Edgeworth against the town of Vernon. From a judgment for plaintiff, defendant ap-

peals. The facts sufficiently appear in the opinion of the court.

WALTER NESMITH, for appellant.—The court erred in overruling the demurrers to the complaint.—116 Ala. 576; 77 Ala. 284; 93 Ala. 26. Counsel discusses assignments of error from 1 to 33 inclusive but cites no authority. As to assignments 34 to 39 inclusive relating to charges counsel cites: 21 A. & E. Ency. of Law, 356 and 686. The testimony is so clearly in preponderance in favor of the defendant that the judgment should have been set aside.—*K. C. M. & B. R. R. Co. v. Weeks,* 135 Ala. 614.

W. A. YOUNG, for appellee.—As conclusive of the correctness of the judgment in this case, the following authorities are cited: *City of Birmingham v. Land,* 34 So. Rep. 613; *Hundley v. Harrison,* 123 Ala. 292; *Whatly v. Wilson,* 112 Ala. 672; *Richards v. Daugherty,* 30 So. Rep. 934; *Hulburt v. McKone,* 55 Conn. 31.

DENSON, J.—In this action the plaintiff seeks to recover of the defendant, town of Vernon, a municipal corporation, damages alleged to have accrued to plaintiff by the alleged maintenance of a nuisance, to-wit, a privy for public use, near the dwelling of the plaintiff in said town. The amended complaint on which the cause was tried consists of 5 counts. It was demurred to on 13 grounds, all of which were overruled by the court; and the first 13 grounds in the assignment of errors present for review the ruling of the court on the demurrer. Only 3 points are presented in the argument and brief of appellant's counsel with respect to these grounds of error, and we shall confine ourselves in the discussion of them within the limits set by counsel.

First. It is insisted that the amended complaint fails to show that the privy was erected by authority of the defendant (appellant). This insistence was completely answered by each count of the amended complaint, by the averment, not only that the privy was erected by the defendant, but that it was erected under the power in its charter authorizing it to erect and maintain privies.

[Town of Vernon v. Wedgeworth.]

Secondly. It is insited that the demurrer to the amended complaint was wrongfully overruled, "because it was insufficient, in that each count failed to set forth a cause of action." This is a general demurrer or objection, and cannot be considered.—Code 1896, § 3303. On the question as to the counts setting out a substantial cause of action, see the following authorities: *English v. Progress Electric Light & Motor Co.,* 95 Ala. 259, 10 South. 134; *Mayor and Aldermen of Birmingham v. Land,* 137 Ala. 538, 34 South. 613; *Whaley v. Wilson,* 112 Ala. 627, 20 South. 922; *Richards v. Daugherty,* 133 Ala. 569, 31 South. 934; *Bohan v. Port Jervis Gaslight Co.,* (N. Y.) 25 N. E. 246, 9 L. R. A. 711; *Miles v. City of Worcester,* (Mass.) 28 N. E. 676, 13 L. R. A. 841, 26 Am. St. Rep. 264; *Clayton v. Henderson,* (Ky.) 44 S. W. 667, 44 L. R. A. 474; *Lowe v. Prospect Hill Cemetery Association,* (Neb.) 78 N. W. 488, 46 L. R. A. 237.

Thirdly. The insistence is that "each count in the amended complaint fails to set out wherein said privy was negligently constructed, or to set forth any facts which show that said privy was erected negligently." The cause of action does not necessarily arise from or depend upon a negligent construction of the privy. While the town owned the land on which the privy was erected, and may have had exclusive dominion over it, and may subject it to such uses as will subserve the interests of the municipality, it is bound to have respect and regard for the rights of citizens who live on the adjoining lots or near by. "It must make reasonable use of its property, and a reasonable use can never be construed to include those uses which produce destructive vapors, and noxious smells, and that result in material injury to the property and to the comfort of the existence of those who dwell in the neighborhood." There are numerous decisions applying this doctrine, and it may be confidently asserted that no authority can be produced holding that negligence is essential to establish a cause of action for injuries of the character complained of here. See the case of *Bohan v. Port Jervis Gaslight Co.,* (N. Y.) 25 N. E. 246, 9 L. R. A. 711, where the authorities are collated and discussed;*Rich-*

*ards v. Daugherty,* 133 Ala. 569, 31 South. 934; *Ogle-tree v. McQuaggs,* 67 Ala. 580, 42 Am. Rep. 112; *English v. Progress Electric Light & Motor Co.,* 95 Ala. 259, 10 South. 134. It follows that the assignments of error with respect to the court's ruling on the demurrer to the amended complaint cannot avail to reverse the judgment of the court.

The grounds of error 14 and 20, inclusive, relate to the judgment of the court sustaining demurrers to defendant's special pleas. We shall pass these grounds in the assignment of errors without consideration, for the reason that there is neither argument nor citation of authority in appellant's brief in support of them.— *Tutwiler Coal, Coke & Iron Co. v. Enslen,* 129 Ala. 336, 30 South. 600; *Williams v. Spraggins,* 102 Ala. 424, 431, 15 South. 247. For the same reason we will not consider the twenty-second, thirty-first, and thirty-third grounds in the assignment of errors.

Whether or not the odors arising from the privy gave the plaintiff and his family physical discomfort was material to plaintiff's case, and evidence thereof was therefore legal, relevant, and material, and the objection on these grounds to the question calling for such evidence was properly overruled.

It was incumbent on the plaintiff to show the privy as maintained was a nuisance. "The use made by one of his property, whereby the unwritten, but accepted law of decency is violated," may tend to show a nuisance. Hence the court committed no error in allowing plaintiff to prove that he could, while sitting in his dining room, see paper and droppings fall from the privy.—*Lowe v. Prestcott Hill Cemetery,* (Neb.) 78 N. W. 488, 46 L. R. A. 237, 242.

On cross-examination the plaintiff was asked to state "whether or not there was a public privy at or near the place, within a few feet of the new privy, when you bought your property." The facts hypothesized in the question would not of themselves have prevented plaintiff's recovery; nor were they relevant, at least in the absence of any offer to show how said privy was maintained. Moreover, the question was too indefinite with respect to the property purchased, and this is sufficient

[Town of Vernon v. Wedgeworth.]

justification of the court's ruling sustaining the objection to the question.

The plaintiff on direct examination having testified that the cash value of his homestead was $300, but that the erection of the privy had diminished its value one-half, "say $150," on cross-examination he was asked, "Would you take $150 for your place now?" The court properly sustained the objection to the question. While diminution in the value by reason of the erection of the privy may be the rule for the admeasurement of damages, market value is meant, and what the plaintiff would or would not take for his property cannot be made the criterion for arriving at the market value. It may not have been desirable on his part to sell; and this, without respect to what he could get for the property.

While the plaintiff was testifying in rebuttal in his own behalf, he testified that he was on a trade to sell his place. His counsel asked him, "Did the trade you spoke of go through?" The court overruled an objection, and allowed the witness to answer that the trade did not go through. The only insistence of counsel for appellant with respect to the assignment of error covering this ruling is in this language: "Because there is no reason given nor facts shown that defendant had committed any wrong in the erection of said privy, causing said trade not to go through." Manifestly, it was a question for the jury on the evidence to determine whether the privy was a nuisance, and this may have been determined from the manner in which it was maintained, apart from the manner and the circumstances under which it was erected. And, confining ourselves to the objection urged in the argument of counsel, we hold the objection cannot avail to reverse the case.

Witness Rogers was asked by defendant on cross-examination this question: "Don't you think a privy has been at or within a few feet of the place where that new privy is for a good many years?" The court's action in sustaining the objection to this question may be justified on the proposition that the question calls for the cogitations, and not the knowledge, of the witness. Whether or not the erection of the privy affected the market

value of the plaintiff's property was a pertinent inquiry in the case, and the objection to the question propounded to witness Rogers calling for such evidence, considered with respect to the particular grounds on which it was based was properly overruled.

The only objection urged in the brief of counsel to the introduction of the ordinance of the town authorizing the erection of the privy is that the defendant expected to show that the privy was erected under said ordinance was burned on the night of its completion. It is clear that this is what might be termed a "speaking objection." Objection to evidence cannot be based on anticipations of the adversary party as to what his evidence may be. But, aside from this, the subsequent evidence showed that, when the privy was burned, another, the one in question, was immediately erected. The one in question was as much authorized by the ordinance as the first; certainly so, when the evidence tends to show it was maintained by the town.

There is no merit in the remaining assignments of error that are insisted on covering rulings of the court on admissibility of the evidence.

With respect to the charges refused to the defendant, the bill of exceptions contains this statement: "This being all the evidence in the case, the defendant asked the court to give the following written charges, which the court refused to do, and the defendant separately and severally excepted to the refusal of the court to give each of said charges." Then followed the charges numbered 2, 3, 4, 5, 7, 8, 9, 11, and 20. A reasonable construction of the bill of exceptions is that the charges were requested, not separately, but as a whole—in bulk. In this view, following our former decisions, if any one of the charges is erroneous, the court was justified in refusing all of them.—*Rarden v. Cunningham*, 136 Ala. 263, 34 South. 26; *Verberg's Case*, 137 Al.a 73, 30 South. 848, 97 Am. St. Rep. 17; *Bell's Case*, 37 South. 281; *Yeats' Case*, 142 Ala. 58, 38 South. 760. Charges 2, 3, 4, and 5 are bad in form. Therefore the court cannot be put in error for refusing any of the charges.— *L. & N. R. R. Co. v. Sandlin*, 125 Ala.585, 28 South. 40; *Goldstein v. Leake*, 138 Ala. 573, 36 South. 458.

[Johnson v. Town of Fayette.]

After allowing all reasonable presumption of its correctness, we are not convinced that the preponderance of the evidence against the verdict is so decided as to convince us that it is wrong and unjust. Therefore we do not feel that we should reverse the judgment on account of the refusal of the court to set aside the verdict and grant a new trial.—*Ala. Mid. R. R. Co. v. Brown,* 129 Ala. 282, 29 South. 548; *Davis Wagon Co. v. Cannon,* 129 Ala. 301, 29 South. 841; *Jones v. Tucker,* 132 Ala. 305, 31 South. 21; *White v. Blair,* 95 Ala. 147, 10 South. 257.

No reversible error having been discovered in the record, the judgment of the circuit court will be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.