[Southern Railway Co. v. Kirsch.]

# Southern Railway Co. *v.* Kirsch.

## *New Trial.*

(Decided May 6, 1907. 43 So. Rep. 796.)

*Appeal; Motion for New Trial; Grounds.*—Where a motion for new trial is predicated on eror in refusing to give written charges requested and in refusing each of the written charges requested but does not set out any of the charges it is too general and will not be considered on appeal.

APPEAL from Fayette Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by G. Kirsch against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

This is an action for an alleged wrongful assault by the defendant's conductor or other servant while plaintiff was a passenger on one of defendant's regular passenger trains in Fayette county. The bill of exceptions as to the main issues on the original trial were stricken on motion of appellee, because signed more than six months after the trial of the original cause; but so much of its as contained the proceedings on motion for new trial was considered. The new trial was asked for upon the following grounds: "(11 Because the verdict was contrary to law; (2) because the verdict was contrary to the evidence; (3) because the verdict was contrary to the weight of the evidence; (4) because the verdict of the jury was excessive in amount; (5) because the court erred in granting the written charges requested by the plaintiff; (6) because the court severally and separately erred in refusing each of the written charges requested by the defendant; (7) because the verdict of the jury on the clear preponderance of the evidence should have been for the defendant." The assignments of error follow the grounds in the motion for the new trial and were no

more specific. There was verdict on the original trial for plaintiff in the sum of $250.

WEATHERLY & STOKELY, and C. A. BEASLEY, for appellant.—The bill of exceptions cannot be considered in this case except for the purpose of determining the correctness vel non of the rulings of the trial court on the motion for a new trial.—*Peoples B. & T. Co. v. Keith*, 136 Ala. 469. On this authority the motion to strike the bill of exceptions should be overruled. Written charge No. 1, given for the plaintiff, was faulty as was charge No. 3.—*A. G. S. Ry. Co. v. Hill*, 93 Ala. 520; *Bir. Ry. & P. Co. v. Bynum*, 139 Ala. 389. Charge 17 refused to defendant should have been given.—*Armstrong v. Montgomery St. Ry. Co.*, 123 Ala. 233; *King v. Peoples Bank*, 127 Ala. 266; *Bienville Water Sup. Co. v. City of Mobile*, 125 Ala. 183; *Southern Ry. Co. v. Howell*, 135 Ala. 639. The other charges should have been given in view of the circumstances and the evidence in this case, and we feel that justice requires that defendant should be given the right to have another jury pass upon it.— *Peoples S. B. & T. Co. v. Keith, supra; Southern Ry. Co. v. Lollar*, 33 South. 32; *K. C. M. & B. R. R. Co. v. Weeks*, 34 South. 16.

J. J. MAYFIELD, CHARLES W. SAUNDERS, and A. LEO OBERDORFER, for appellee.—The bill of exceptions should be stricken.—Section 620, Code 1896. In any event, it can be considered only for the purpose of reviewing the court's action on the motion for a new trial.—*Bank of Dothan v. Weeks*, 132 Ala. 573; *Peoples S. B. & T. Co. v. Keith*, 136 Ala. 469. There is no merit in the ground that the verdict was contrary to the evidence.—*Dillard v. Savage*, 98 Ala. 598; *Cobb v. Malone*, 92 Ala. 630; *Alabama Mid. Ry. Co. v. Brown*, 129 Ala. 282.

DENSON, J.—It is conceded by appellant that the bill of exceptions is properly a part of the record only for the purpose of reviewing the action of the court in overruling the motion for a new trial, and therefore the appellant does not insist on the first and second grounds

in the assignment of errors.—*Ala. M. Ry. Co. v. Brown,* 129 Ala. 282, 29 South. 548; *People's Saving Bank v. Keith,* 136 Ala. 469, 34 South. 925.

Coming, then, to the motion for a new trial, we find the first ground for the motion is that the verdict was contrary to law. It is conceded that this ground is too general, and we shall not consider it.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Winter & Loeb v. Judkins,* 106 Ala. 259, 17 South. 627; *Ala. Midland Ry. Co. v. Brown, supra.*

The fifth and sixth grounds in the motion cannot be considered, because of generality in their statement. Neither of the charges are set out in either ground of the motion.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Winter & Loeb v. Judkins,* 106 Ala. 259, 17 South. 627; *Ashford v. Ashford,* 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; *Williams v. Coosa Mfg. Co.,* 138 Ala. 673, 33 South. 1015; *Ala. Midland Ry. Co. v. Brown,* 129 Ala. 282, 29 South. 548.

The evidence has been duly considered, and it has been found that there was evidence which, if believed, authorized the verdict rendered, and we do not feel, in view of all the facts, authorized to reverse the judgmnet of the trial court in refusing a new trial, either on the ground that the verdict was contrary to the evidence or that the damages awarded were excessive.—*Cobb v. Malone, supra; Dillard v. Savage,* 98 Ala. 598, 13 South. 514; *Ala. Midland Ry. Co. v. Brown, supra; Jones v. Tucker,* 132 Ala. 305, 31 South. 21.

The foregoing considerations require an affirmance of the judgment of the circuit court.

Affirmed.

TYSON, C. J., and HARALSON, and SIMPSON, JJ., concur.