## Samples *v.* The State.

### Bastardy.

(Decided March 23, 1917.   Rehearing denied April 3, 1917.
74 South. 758.)

1. **Appeal and Error; Review; Finding of Court and Jury.**—Where the evidence is ore tenus, and there is a conflict in the same, the findings of the court or the jury will not be disturbed on appeal.

2. **Trial; Argument of Counsel.**—The counsel have a right to comment in argument upon all the testimony introduced upon direct or cross examination.

[Samples v. The State.]

3. **Same.**—It was not improper for the prosecuting attorney to urge the jury to discharge their duty, and not to "wink" at the invasion of the sanctity of the home.

4. **Bastardy; Evidence.**—For the purpose of affording an inference that another than the defendant was the father of the child, but not for the purpose of affecting the credibility of the prosecutrix, evidence that others than the defendant had intercourse with the prosecutrix about that time was admissible.

5. **Consitutional Law; Statutes; Invading Judiciary.**—The amendment of Section 2846, Code 1907, by Acts 1915, p. 722, does not have the effect to change the rule in passing upon the action of the trial court in granting or refusing a new trial. Otherwise it would be an unwarranted invasion of judicial functions.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Wesley Samples was convicted of bastardy, and he appeals. Affirmed. On rehearing, application overruled, and former opinion sustained.

Referring to the fact that the witness Wilson was present at the preliminary trial as a witness, and was not examined, the solicitor said:

"They knew these facts then, as they know them now. Why didn't they dispose of the case down there without bringing it to the courthouse. Why is it one of these boys says that he was there in the house, and a witness; why is it you want to humiliate this girl and her father by bringing this matter here if you had all this testimony down there?"

In further argument he said:

"If you are going to wink at this no man's house is safe—wink at the conduct of the parties as shown by the testimony of the defendant's witnesses?"

HUGH REED and R. F. CONNER, for appellant. WILLIAM L. MARTIN, Attorney General, for the State.

BROWN, P. J.— (1) There was evidence which, if believed by the jury, authorized them to find the defendant guilty; and the jury and trial judge were in better position to judge of the credibility of the witnesses than we are. After a careful consideration of the evidence, we are not convinced that the finding of the jury was wrong and unjust.—*South. Ry. Co. v. Kirsch*, 150 Ala. 659, 43 South. 796; *Cobb v. Malone*, 92 Ala. 630, 9 South. 738; *Dillard v. Savage*, 98 Ala. 598, 13 South. 514; *Jones v. Tucker*, 132 Ala. 305, 31 South. 21.

[Samples v. The State.]

(2) The defendant's witness Dock Wilson testified that he frequently had sexual intercourse with the prosecutrix; and on cross-examination testified that he was subpœnaed as a witness for the defendant on the preliminary trial before the justice of the peace and was sworn and put under the rule, and that he was not examined as a witness in that trial. This was evidence before the jury, and the solicitor had the right to comment on it in his argument. The case of *DuBose v. Conner*, 1 Ala. App. 456, 55 South. 432, does not sustain the appellant's contention. In that case the witness was not examined, and there was nothing before the jury, and the solicitor was guilty of stating facts not in evidence.—*Tannehill v. State*, 159 Ala. 51, 48 South. 662; *Roden v. State*, 3 Ala. App. 202, 58 South. 72.

(3) There was nothing improper in the other part of the solicitor's argument to which exception was reserved. He had a right to urge the jury to discharge their duty and not to "wink" at the invasion of the sanctity of the home.

(4) The exception to the oral charge of the court cannot be sustained. The evidence showing acts of sexual intercourse between the prosecutrix and other men about the time the child was conceived was relevant for the purpose of affording an inference that another than the accused was the father of the child (*Levy v. The State*, 133 Ala. 190, 31 South. 805; Underhill, Crim. Evidence, § 532), and was not admissible as affecting the prosecutrix's credibility as a witness (Underhill, Crim. Evidence, § 531; *Terry v. State*, infra, 74 South. 756).

. We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

### ON REHEARING.

(5) It is urged that the amendment of the statute (Code 1907, § 2846) by act approved September 22, 1915 (Acts 1915, p. 722), by adding thereto the provision, "And no presumption in favor of the correctness of the judgment of the court appealed from shall be indulged by the appellate court," changes the rule heretofore prevailing in passing on the action of the trial court in granting or refusing to grant new trials. In *Hackett v. Cash*, 196 Ala. 403, 72 South. 52, the Supreme Court held that statutes designed to apply to cases where the evidence was given ore tenus before the trial court that require appellate courts to review the

finding of facts by the trial court without any presumption in favor of the ruling of the trial court are an unwarranted invasion of the functions committed by the Constitution to the judiciary, and will be disregarded. This holding has been followed by both this court, and the Supreme Court in subsequent cases.— *Finney v. Studebaker Corporation*, 196 Ala. 422, 72 South. 54; *Ross v. State, infra,* 72 South. 759; *Mulligan v. State, infra,* 72 South. 761.

The other matters urged in the application do not warrant further discussion.

Application overruled.