RAGLAND v. STATE. (7 Div. 491.)

(Court of Appeals of Alabama. April 17, 1917.)

Appeal from City Court of Talladega; Marion H. Sims, Judge.

Alphonso Ragland was convicted of crime, and he appeals. Affirmed.

Frank L. Vance and Geo. W. Parsons, both of Talladega, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. This case is identical with the case of John Ragland v. State, ante, p. 74, 75 South. 280, present term, and is affirmed on the authority of that case.

Affirmed.

---

(75 South. 624)

COOPER v. STATE. (3 Div. 286.)

(Court of Appeals of Alabama. May 29, 1917.)

CRIMINAL LAW ⊙═⊃200(2)—FORMER JEOPARDY.

A conviction for assault with intent to murder is not precluded by a previous conviction for carrying a pistol concealed about accused's person or on premises not his own, on theory that defendant had previously been placed in jeopardy.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 347, 388–393.]

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Allen Cooper was convicted of assault with intent to murder, and appeals. Affirmed.

Brassell & Brassell, of Montgomery, for appellant. W. L. Martin, Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted for the offense of assault with intent to murder. Before pleading to the indictment, the defendant interposed a plea of former jeopardy, setting up that he had already been convicted of the offense of carrying a pistol concealed about his person or on premises not his own or under his control. Demurrers to this plea were interposed and sustained by the court, and it is here insisted that the court erred in sustaining the demurrers.

It needs no citation of authorities in holding that the court committed no error in sustaining the demurrers to the plea of form-

er jeopardy, as said plea was no answer to the indictment in this case. This being the only question presented for review, and there being no error in the record, an affirmance must follow.

Affirmed.