RAGLAND v. STATE.   (7 Div. 442.)

(Court of Appeals of Alabama.   April 17, 1917.)

1. LARCENY ⊂=40(5)—INDICTMENT—VARIANCE.
   Where an indictment for larceny charged that defendant feloniously took and carried away from "a storehouse, warehouse, or shop," etc., the descriptive allegations as to the building being in the alternative and there being evidence tending to show that the property was taken from a "storehouse," the state was not confined to proof that it was taken from a "warehouse," and the affirmative charge on the ground that there is no evidence tending to show that the cotton was taken from a warehouse was properly refused.
   [Ed. Note.—For other cases, see Larceny, Cent. Dig. § 111.]

2. LARCENY ⊂=68(1)—TRIAL—INSTRUCTIONS.
   In a prosecution for larceny, where there was evidence to sustain the first and second counts of the complaint, the affirmative charge as to all counts was properly refused.
   [Ed. Note.—For other cases, see Larceny, Cent. Dig. § 180.]

3. LARCENY ⊂=70(3)—TRIAL—INSTRUCTIONS.
   In a prosecution for larceny of cotton, although there was no evidence to sustain the first and third counts of the indictment, requested instruction that "the court charges the jury that if they believe the evidence in this case they must acquit the defendant under" such counts was properly refused.
   [Ed. Note.—For other cases, see Larceny, Cent. Dig. § 185.]

4. CRIMINAL LAW ⊂=720(1) — TRIAL — ARGUMENT OF COUNSEL.
   In a prosecution for larceny of cotton, arguments of the solicitor, "we do not know how many people, nor who, if anybody, helped to carry this cotton from this old man's cotton house and his field, and these two defendants were charged with the offense, and the evidence points ·to them, and they were seen going at an early hour towards where this cotton was stolen; was seen on their return trip, driving their father's team, and some of the witnesses say the team was pulling hard as if they had a heavy load, notwithstanding the fact that only pine straw could be seen on top ·the wagon; further than this, some of the witnesses testified that there were several tracks in and around where

the cotton was moved, and there appeared to have been several trips made, and the theory of the state is that this cotton was taken from the old man's cotton house some time on the night of Monday, piled down in the woods, and that these defendants went early Tuesday morning, loaded it up, and took it to their father's house after putting a little pine straw on top of it, and it is just as consistent for me to argue to you that defendant's other brothers helped to tote this cotton out, as there seems to be seven of them staying about their father's house, as it is for defendant's attorney to argue to you that only two of them toted it out, and that it was impossible for them to get it"—were not improper, as they were comments on the evidence before the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1670, 1671.]

5. CRIMINAL LAW ⊜⟹720(1) — TRIAL — ARGUMENT OF COUNSEL.

In prosecution for larceny of cotton, where defendant on cross-examination of a witness for the state brought out the fact that the father of the defendant had said that his son and brother of the defendant was in the penitentiary for stealing, although such evidence was immaterial argument of the counsel, that "the defendant has brought out in evidence that * * * (brother of these defendants) is now serving a term in the penitentiary for stealing a saddle, and I submit that the facts and evidence in this case went very strongly to these defendants having stolen this cotton," was not improper, and the overruling of an objection thereto was not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1670, 1671.]

Appeal from City Court of Talladega; Marion H. Sims, Judge.

John Ragland was convicted of larceny, and he appeals. Affirmed.

The first count appears. The second count charges that John Ragland feloniously took and carried away 1,000 pounds of seed cotton, the personal property of Mark Wyatt, of the value of 4 cents a pound. The third count is for the receiving or concealing stolen goods.

The following charges are mentioned in the complaint:

(13) "The court charges the jury that if they believe the evidence in this case, they must acquit defendant under count 1."

(14) Same as to count 3.

The defense having argued that it was physically impossible for two men to have carried a thousand pounds of cotton the distance and over the route traveled in the time given, and there being only two tracks shown, and only two parties charged with the stealing, the solicitor stated to the jury in his concluding argument:

"We do not know how many people, nor who, if anybody, helped to carry this cotton from this old man's cotton house and his field. These two defendants were charged with the offense. The evidence points to them. They were seen going at an early hour towards where this cotton was stolen; was seen on their return trip, driving their father's team. Some of the witnesses say the team was pulling hard as if they had a heavy load, notwithstanding the fact that only pine straw could be seen on top the wagon. Further than this, some of the witnesses testified that there were several tracks in and around where the cotton was moved, and there appeared

to have been several trips made. The theory of the state is that this cotton was taken from the old man's cotton house some time on the night of Monday, piled down in the woods, and that these defendants went early Tuesday morning, loaded it up, and took it to their father's house after putting a little pine straw on top of it. It is just as consistent for me to argue to you that defendant's other brothers helped to tote this cotton out, as there seems to be seven of them staying about their father's house, as it is for defendant's attorney to argue to you that only two of them toted it out, and that it was impossible for them to get it."

Further arguing, the solicitor said:

"The defendant has brought out in evidence that one of the Raglands, brother of these defendants, is now serving a term in the penitentiary for stealing a saddle, and I submit that the facts and evidence in this case went very strongly to these defendants having stolen this cotton."

Frank L. Vance and George W. Parsons, both of Talladega, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The first count of the indictment charges that the defendant "feloniously took and carried away from a storehouse, warehouse, or shop, to wit one thousand pounds of seed cotton, of the value of, to wit, four (4) cents per pound, the personal property of Mark Wyatt." The appellant contends that the court erroneously refused the affirmative charge as to this count, because there is no evidence that the building from which the evidence tends to show the cotton was taken was a "warehouse." The descriptive allegations as to the building are in the alternative, and the state was not confined to proof that the cotton was taken from a warehouse. There was evidence tending to show that the cotton was taken from a storehouse, and the charge was properly refused. Jefferson v. State, 100 Ala. 59, 14 South. 627.

[2] There was evidence tending to sustain the first and second counts of the complaint, and the affirmative charge as to all the counts was properly refused. Carter v. Fulgham, 134 Ala. 242, 32 South. 684.

[3] Charges in the form of charges 13 and 14 have been repeatedly condemned, and the court was under no duty to give either of them, if it be conceded there was no evidence to sustain the first and third counts of the indictment. Dorsey v. State, 134 Ala. 553, 33 South. 350.

[4, 5] The first exceptions to the argument of the solicitor are clearly without merit, as they were comments on the evidence before the jury. While the statement of the witness Cochran, for the state, brought out on cross-examination by defendant's counsel to the effect that Sap Ragland, the father of the defendant, said that his son, and brother of the defendant, was serving a term in the penitentiary for stealing a saddle was not material evidence against the defendant, it

was evidence in the case brought out by the defendant, and it was not improper for the solicitor to refer to it in his argument, and the court did not err in overruling the objection to such argument.

There was evidence that authorized a verdict of guilty, and the motion for new trial was properly overruled. Samples v. State, 15 Ala. App. 667, 74 South. 758.

There is no error in the record, and the judgment is affirmed.

Affirmed.