## RAMER *vs.* FLETCHER.

[ACTION ON OPEN ACCOUNT COMMENCED IN JUSTICE'S COURT.]

1. *Verdict insufficient.*—In an action on an open account, commenced in a justice's court, and removed by appeal to the circuit court, a verdict in these words, " We, the jury, agree of and assess damages of the defendant $47, and the plaintiff with the costs," does not authorize the rendition of judgment for the plaintiff.

APPEAL from the Circuit Court of Covington.
Tried before the Hon. NAT. COOK. ·

THIS action was commenced in a justice's court, and removed by appeal to the circuit court, where the plaintiff filed the following statement : " The plaintiff claims of the defendant $50, due by open account, for services rendered, due in 1852 and 1853, with interest thereon ; also, $50 upon account stated between· them the 18th January, 1852 ; also, $50 due upon a contract between them, made the· 18th September before the commencement of this suit." The judgment entry shows that the cause was submitted to a jury on issue joined, and the following verdict rendered by them: " We, the jury, agree of and assess damages of the defendant $47, and the plaintiff with the costs ;" whereupon the court rendered judgment·for the plaintiff, for the damages assessed, and costs. The rendition of this judgment is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant.
ELMORE & YANCEY, *contra*.

WALKER, J.—We are not all certain that, even under the liberal intendments made on error in support of verdicts, we can say from this verdict that the damages are assessed against the defendant ; but conceding that question to the appellee, no judgment ought to have been rendered on the verdict, because it does not respond to or decide the issue

submitted to the jury.—Moody v. Keener, 7 Porter, 218 ; Jewett v. Davis, 6 New Hamp. 518 ; Holmes v. Wood, 6 Mass. 1; Knox v. Breed, 12 Illinois, 61; Toulman v. Lesesne & Edmonston, 2 Ala. 359; Stephens v. Westwood, 25 Ala. 716.

The judgment is reversed, and the cause remanded.