# Bacon, Trustee, *v.* Merchants Bank of Florence.

*Suit to Recover Money Paid as a Preference.*

(Decided Feb. 6, 1906. 40 So. Rep. 413.)

1. *Bankruptcy; Preferences; Statutory Provisions.*—In order for a trustee in bankruptcy to recover money paid as an alleged preference, under § 60b. and 67e. of Bankrupt Act, there must

[Bacon, Trustee, v. Merchants Bank of Florence.]

be an advantage actually given to such creditor over others, with knowledge on part of such creditor of the intention of the debtor to prefer him, and an intent and guilty collusion on part of creditor with debtor to accomplish this end.

2. *Same; Usurious Interest.*—The fact that the notes which the debtor paid bore interest at a usurious rate does not aid the trustee; as the payment when made, was binding between the parties, and did not affect the rights of the creditors.

APPEAL from Lauderdale Circuit Court.

Heard before HON. E. B. ALMON.

This was an action brought by Bacon as trustee of the bankrupt firm of J. A. McKinney & Co., to recover of the Merchants Bank of Florence $650, alleged to have been paid as a preference to said bank. The facts are sufficiently stated in the opinion of the court.

C. E. JORDAN and SIMPSON & JONES, for appellant.—A sale by a debtor to put his property where his creditors cannot reach it is fraudulent, even though such debtor might intend ultimately to devote it to his debt. —*Levy v. Williams*, 79 Ala. 171; *Carter v. Coleman*, 82 Ala. 177. The sale of copartnership property to pay the debt of one of the partners is fraudulent.—*Shephard's Case*, 114 Ala. 281; *Muskogan Valley Furnace Case*, 113 Ala. 314; *Pritchett's Case*, 82 Ala. 169. A mortgage or pledge given to secure a debt tainted with usury is itself tainted with usury, and the holder does not become a bona fide purchaser.—*Clark v. Johnson*, 133 Ala. 432. A check given for a debt is only a conditional payment. The debt is not discharged until the check is actually paid. —5 Cyc. 528; *Lewenstein v. Bresler*, 109 Ala. 326. For the authority of plaintiff to sue, see Bankruptcy act, §§ 60 B. and 67 E. and their construction in 5 Cyc. p. 295.

JOHN T. ASHCRAFT, for appellee.—The plaintiff was not entitled to recover under the facts of this case.— *Dunlop v. Thomas,* 14 Gen. Dig. 444; *Dundas Case*, 111 Fed. 300; *Taft v. Fourth Nat. Bank*, 11 Gen. Dig. 507.

HARALSON, J.—The provisions of the bankrupt act under which this case is to be tried are, in substance, that if a bankrupt shall have given a preference and the person receiving it, or to be benefited thereby, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person.—Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445).

Section 67e, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), provides, "that all conveyances, transfers and assignments of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act, and within four months prior to the filing of the petition with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present paid consideration."

"To constitute a fraudulent preference by an insolvent debtor, the preference must be an advantage actually given to one or more creditors over the others, with the knowledge of his situation and the intent to accomplish this end; * * * and there must be guilty collusion." —Brandenburg on Bankruptcy, 344, citing *Clark, Assignee, v. Iselin*, 11 Nat. Bankr. Rep. 337, 21 Wall. 360, 22 L. Ed. 568.

The act by the debtor in passing the check to the bank, without more, might be regarded as an intention on his part to prefer the bank. But the question recurs, and it is the vital one in the case, did the bank know of the debtor's intention and his intent to give a preference, and having knowledge, was there guilty collusion on the part of the bank with the debtor to accomplish this end?

The evidence shows, without dispute, that the debtors had been dealing with the bank for years and had always paid promptly, and their credit at the bank was good, and they had never been refused credit by it or by wholesale dealers from whom they bought goods; that

[Bacon, Trustee, v. Merchants Bank of Florence.]

in the summer before the fire their invoice showed that their firm was worth $2,000.00 over their liabilities, and their stock at the time of the fire was worth $6,000.00. The evidence further showed that the cashier of the bank asked McKinney, who presented the insurance company's draft for discount, no questions as to how much insurance his firm got or how much they owed, and he did not tell him; that the cashier knew the $1,400.00 draft when it was at first presented to the bank, was on the firm's insurance, and before receiving the draft, the cashier telephoned the adjuster and learned that it was good.

The witness further testified, that when the draft for the insurance was given, he took it to the bank and told the cashier that he wanted the money on it, and wanted to pay what his firm owed the bank,—the notes, one for $250.00 and the other for $200.00, one past due and the other not then due, and that they paid the bank one per cent. per month interest on the original loan and on the renewals; that the cashier looked up the notes and told him the amount, and he stamped the notes paid or destroyed them, the witness did not remember which; that he told witness he could not give him the money that day, as he had a payment to make to the other bank, and the witness left the $1,400.00 draft with the cashier, and went next day, when the bank paid him $200.00 in cash, and at witness' request, put the balance to the credit of his (witness') wife, and entered it in a pass book in her name.

, The witness also testified that after these transactions, he stated to the cashier that "there were some parties sorter looking after it, and he wanted to put the $750.00 to the credit of his wife, so that they would not bother it." After this the bank refused to pay the checks of Mrs. McKinney drawn on the funds. By an agreement afterwards, between the parties, the payment of the $650.00 to the bank was for the time recognized, but the $750.00 deposit to the credit of Mrs. McKinney was paid to the assignee in bankruptcy, with the understanding that the assignee might sue for the $650.00

[Crosthwaite v. Lebus.]

without being estopped by the settlement to recover the same.

The court below trying the case without the intervention of a jury, found in favor of the defendant, and we are unable to ascertain that the finding was incorrect.

The fact that the notes of defendant which were paid by the draft when taken by the bank, bore usurious interest, was of no effect. The payment, when made, was binding between the parties, and it did not affect the rights of creditors.—*Capitol City Insu. Co. v. Quinn,* 73 Ala. 558.

Let the judgment below be affirmed.

DOWDELL, ANDERSON, and DENSON, JJ., concur.