# Thomas *v.* Thomas.

*Damages for Breach of Contract.*

(Decided April 28, 1906.　41 So. Rep. 141.)

1. *Pleading: Set-off and Counter-claim; Recoupment; Title of Plea.*
   —A plea termed a plea of recoupment claiming a sum of
   money had and received by plaintiff, which the defendant
   offers to set-off against the claims of the plaintiff and claims
   judgment for the excess, while not good as a plea of recoup-
   ment, is good as a plea of set-off, and hence the overruling of
   demurrer to it was error without injury.

2. *Sales; Requisites of Contract; Executed Contract.*—Where noth-
   ing remained to be done to determine the quality, quantity or
   price of the goods sold under the contract, and all that was
   to be done under it was to check the invoice to ascertain what
   deduction should be made for goods sold since the making of
   the invoice, the contract was an executed and not an executory
   one.

3. *Same; Action for Price; Evidence.*—Where the only pleas to an
   action for the price of goods were the general issue and set-off,
   evidence of breach of warranty or fraud was inadmissible.

4. *Same; Express Warranty.*—Where a contract of sale contains an
   express warranty, the idea of any other warranty is excluded.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

This action was begun by attachment at the suit of
Mary J. Thomas doing business under the name and
style of Madame Demans against Annie Thomas, alleged
to be Mrs. R. Y. Thomas, and sought recovery in dam-
ages for the failure on part of the defendant to take
the goods mentioned in a certain contract hereinafter set
out, and the refusal of the defendant to pay the rent of
certain store house for the month of March. The con-
tract is set out in the complaint and is in words and fig-
ures as follows: This contract made and entered into
by and between Madame Demans of the city of Birm-
ingham, Ala., party of the first part, and Mrs. R. Y.

Thomas, Jr., of Central City, Ky., party of the second part, witnesseth: That the said party of the first part for and in consideration of the sum of $460, $50 of which said sum is paid in cash the receipt of which is hereby acknowledged, and the balance $410, to be paid upon the delivery by the first party to the second party, the property hereinafter set out, said payment not to be made later than April 1st, 1904, in any event, does hereby sell and convey to party of the second part all the millinery goods, stocks and fixtures now belonging to the party of the first part as shown by invoice of same sent heretofore by party of the first part to party of the second part, and also the lease of the house in Birmingham, Ala., to October 1st, 1904 in which said party of the first part is now conducting a millinery business at $60.00, the price now paid by party of the first part, or whatsoever that price may be, not to exceed $60.00 per month. Said goods and fixtures are now situated in number 317, 19th street, in the city of Birmingham, Ala.

The said party of the first part warrants said goods, stocks and fixtures free of any debt, mortgage, encumbrance or adverse claim of any kind. Should the goods not turn out as per said invoice or party of the second part fails to secure said house to Oct. 1, 1904, or the length of term lease of the party of the first part runs, then this contract is null and void. The party of the first part also as part of the consideration agrees to sell the good will of said business and agrees not to engage in the millinery business in that county in Birmingham, while the party of the second part is engaged in said business at said place or city. Should any of the conditions of this contract be violated as to the stock and fixtures or lease of said business, then the party of the first part agrees to refund to party of the second part said $50.00. Witness our hands this the 26th day of Feb., 1904. (Signed) Mrs. R. Y. Thomas, Jr., Madame Demans. I accept this propsition as modified by telegrams sent and received by the parties since this contract is forwarded. (Telegram.) Received at 1919

1st Avenue, Birminigham, Ala. Feb. 19, 1904, dated Central City, Ky., 19. To Mrs. Demans, 317 19th street. I will allow $60.00 wholesale price shortage, will claim one-half wholesale price for all over. If go, must leave tomorrow night for East. Answer quick. Mrs. R. Y. Thomas. (Telegram.) Birmingham, Ala., Feb. 20th., Mrs. R. Y. Thomas, Central City, Ky. Telegram received. Proposition accepted provided you pay March rent and all cash on delivery of store before March 1st. Wire answer. Madame Demans. (Telegram). Madame Demans, 317 19th street, Birmingham, Ala., Will pay March rent. Balance cash as soon as can get there and check stock. Answer. Mrs. R. Y. Thomas. (Telegram.) Birmingham, Ala., 20, Mrs. R. Y. Thomas, Central City, Ky., Proposition accepted. Will sign contract as modified. M. Demans. Plea 1 was the general issue and plea 4 was as follows: And by way of recoupment to the demand of plaintiff, defendant claims of the plaintiff the sum of $50.00 money had and received by plaintiff on the 26th day of Feb. 1904, and due at the time of the commencement of this action for the use of defendant which amount is due and unpaid and which defendant here offers as an offset against the demands of plaintiff and claims judgment for the excess. On the trial of the cause, the court permitted testimony in reference to the value of the goods and the character of the goods and permitted it to be shown that the prices paid as shown by the invoice called for first-class goods, and that the goods sold were not worth the price paid, and the court permitted the invoice to be testified to item by item as to the price mentioned in it and the value of the goods sold in it to show that the goods were not worth the price paid.

STERLING A. WOOD, for appellant.—There was nothing which remained to be done between these parties to determine the quality, quantity or value of the goods. All the facts were determined by the invoices, and the proposition remaining to be settled was what deduction should be made on account of goods sold out of stock.—

*Hudson v. Weir*, 29 Ala. 294; 4 Mayfield's Dig. 745. The guaranty in a contract that the articles shall pass inspection is nothing more than a warranty of the soundness of the goods sold and does not change the sale into an executory contract.—*Gibson v. Stevens*, 49 U. S. 384. Under the pleadings of this case, the question of warranty or implied warranty does not arise. In any event, an implied warranty of goods sold, is not that they are the best of that kind, but that they are reasonably suited for the purpose for which they are sold.—*Hodges v. Tufts*, 115 Ala. 366. The rule that a sound price warrants sound property, does not obtain in this case.—*West v. Cunningham*, 9 Por. 104, nor is a representation of the quality or value of the goods a warranty unless there is also a promise to make good the opinion or judgment of the seller.— *Lynn v. Gunn*, 56 Mich. 447.

LEADBEATTER & JOHNSON, for appellee.—Error in overruling a demurrer to a count on which the general charge is afterwards given, is without injury.—*Woodward Iron Co. v. Andrews*, 114 Ala. 243.

When a verdict is rendered in favor of the defendant, errors in excluding evidence relating to the quantum of damages, is without injury.—*Calhoun v. Hannan & Mochael*, 87 Ala. 277; *Gilman v. Jones*, 87 Ala. 704; *Capital City Water Works Co. v. Meter Co.*, 89 Ala. 401.

When anything remains to be done by either party to a contract of sale before delivery, title does not at once vest, but the contract is executory.—*Foley v. Felrath*, 98 Ala. 176.

When goods are sold by description, it is of the essence of the contract that they answer the description. —*Penn & Co. v. Smith*, 104 Ala. 445; *Gachet v. Warren & Burch*, 72 Ala. 292.

Motion to exclude answer responsive to questions not objected to comes too late.—*Alabama Great Southern v. Bailey*, 112 Ala. 177.

When it does not appear from the bill of exceptions what the ground of objection to questions asked witness

[Thomas v. Thomas.]

were, and the objection is sustained, the party appealing must affirmatively show error, and this court will not presume that the answer to such question would have been legal evidence.—*Burgess v. American Mortgage Co.,* 115 Ala. 473; *Hodge & Williams v. Tufts,* 115 Ala. 366.

When the witness himself knows the facts independent of a memorandum, while he may refer to the memorandum, to refresh his recollection, such memorandum is not of itself evidence.—*Bolling v. Fanning,* 97 Ala. 621; *Acklin Exec. v. Hickman,* 63 Ala. 494.

When the cause is tried by the court without the intervention of a jury the finding of the court is equivalent to the verdict of a jury, and will not be disturbed unless plainly erroneous.—*Woodrow v. Hawving,* 105 Ala. 241.

Where the contract is entire a breach of any part of it by one party entitles the other party to rescind.—*McGehee v. Hill,* 4 Port. 170.

DOWDELL, J.—This is an action to recover damages for the breach of a contract. The contract was in writing and is set out in full in the complaint. The cause was tried in the court below on issue joined on pleas Nos. 1 and 4. A demurrer was interposed to plea 4, which was overruled, and the ruling of the court constitutes the ground of the first assignment of error. Plea 4 is termed by the pleader a plea of recoupment, and as such was insufficient, but was good as a plea of set-off. There was, therefore, no error prejudicial to the plaintiff in overruling the demurrer to this plea.

The contract set out in the complaint is an executed, and not an executory, contract. There was nothing which remained to be done between the parties to determine the quality, quantity, or value of the goods. All that remained to be done was to check up the invoice furnished by plaintiff to the defendant for the purpose of ascertaining what deduction should be made on account of goods sold out of the stock subsequent to the time that the said invoice was furnished.—*Hudson v.*

*Weir*, 29 Ala. 294, Mayfield's Dig. p. 745, § 50. Plea No. 1 was the general issue, and, as we have said, plea No. 4 was the plea of set-off. These were the only pleas upon which the case was tried. In the absence of special pleas of a breach of warranty or of fraud, evidence of such matters is irrelevant, and should not be admitted against the objection of the party against whom it is offered. There was evidence of this character admitted against the objection of the plaintiff, and in this respect the trial court committed error.

The contract sued upon contains the following express warranty: "The said party of the first part warrants said goods, stock, and fixtures free of any debt, mortgage, incumbrance, or adverse claim of any kind." And the contract contains the further clause: "Should the goods not turn out as per said invoice, or the party of the second part fail to secure said house to October 1, 1904, or the length of term lease of the party of the first part runs, then this contract is null and void." The contract containing an express warranty excludes the idea of any other warranty than that so expressed. Moreover, as was said in *West v. Cunningham*, 9 Port. 104, 33 Am. Dec. 300: "The rule that a sound price warrants sound property, and unless there be a special agreement to take the property, sound or unsound, is not according to the course of judicial decisions of common law, and is not the law of the state." But we need not pursue the discussion along this line, since, under the issues in the case, evidence of misrepresentation in the sale of the goods was not competent, and should not have been admitted against the objections of the plaintiff.

For the errors pointed out, the judgment of the court will be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.