# Herzberg, as Trustee, *v.* Riddle, *et al.*

## *Assumpsit.*

(Decided Feb. 2, 1911.　54 South. 635.)

1. *Bill of Exceptions; Signing; Time.*—A bill of exceptions signed more than thirty days after the trial, without any extension of time, as required by acts 1901, p. 1299, cannot be considered.

2. *Same; New Trial.*—Where a motion is made for a new trial and overruled and time is granted in which to have a bill of exceptions signed, but at that time, the time for signing a bill of exceptions relative to rulings on the original trial, has passed such extension does not revive the right to file a bill covering such ruling, and a bill filed under such grant of time will be considered only for the purpose of reviewing the action on the motion.

3. *Appeal and Error; Harmless Error; Pleading.*—Where demurrers to almost identical pleadings subsequently filed are overruled, any error in sustaining demurrer to such pleadings previously is harmless.

4. *Same; Objections; Sufficiency.*—Where the oral charge of the court is not set out, a ground in a motion for new trial that the court erred in its oral charge is too general to be reviewed on appeal.

5. *Bankruptcy; Suit by Trustee; Complaint.*—A complaint by a trustee in bankruptcy which did not point out whether the action was for money paid by the bankrupt to a creditor, or for specific property purchased by the creditor from the bankrupt in payment of a pre-existing debt, was demurrable.

6. *Same; Preferences; Right to Recover.*—In order to recover under a voidable preference money paid by the bankrupt as an unlawful preference, the trustee must show that the creditor had cause to believe the bankrupt insolvent when he received the money, and that the payment was made with the intent to defeat the bankrupt law.

7. *Same; Validity.*—Although a debtor be hopelessly insolvent, if a creditor accepts only that part of his debt to which he would be entitled if all the property liable to the debtor's debts should be apportioned among the creditors, there is no preference in violation of the bankrupt act.

8. *Charge of Court; Argumentative.*—A charge asserting that a certain court could adjudge persons bankrupt and administer bankrupt estates, and that no inference unfavorable to plaintiffs could be drawn from the comments by opposing counsel, that a bankrupt estate was adjudicated, and administered in that court was argumentative and properly refused.

[Herzberg, as Trustee, v. Riddle, et al.]

9. *Same; Misleading.*—A charge asserting that actual sale of property by a trustee in bankruptcy is evidence of its market value, had a misleading tendency and could be properly refused.

10. *Same; Singling Out Evidence.*—Such charge is also properly refused as singling out and giving undue prominence to parts of the evidence.

11. *Same; Covered by Those Given.*—The court is under no duty to give instructions which have been substantially embodied in written instructions already given.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by L. L. Herzberg, as trustee of S. W. Riddle & Co., against R. J. Riddle and the Tennessee Milling Company, to recover money alleged to have been paid by the bankrupt in violation of the bankrupt law. Judgment for defendants, and plaintiff appeals. Affirmed.

The plaintiff requested the following charges, which were refused: (I) "The court charges the jury that the District Court of the United States for the Eastern Division of the Northern District of Alabama, sitting as a court of bankruptcy, is a court of competent jurisdiction, with the power and authority to adjudge persons bankrupt, and administer bankrupt estates, and no unfavorable inferences to the plaintiff can be indulged in by the jury from the comments of counsel that the estate of S. W. Riddle & Co., bankrupts, was adjudicated and administered in that court." (J) "The court charges the jury that actual sale of property by a trustee in bankruptcy is evidence of the market value of the property."

The following charges were given for the defendant: (8) "The court charges the jury that before plaintiff can recover in this case he must reasonably satisfy the jury by the evidence that defendant has reasonable cause to believe S. W. Riddle & Co. were insolvent when he received the money, and that the payment of it was made with the intent to defeat the bankrupt law."

24—171

BOYKIN & BRINDLEY, for appellant. Under section 60 a and b, of the Bankrupt Law, the payment in this case constituted a preference.—*Prio v. Trust Co.* 182 U. S. 438; *In re Fixen,* 102 Fed. 295; *In re Cohaim,* 97 Fed. 923; Loveland on Bankruptcy, 576; Collier on Bankruptcy, 482. Proof of the creditor's belief in the insolvency of the debtor is not now necessary.—*In re King,* 113 Fed. 110; Collier on Bankruptcy, 486. On these authorities and on the authority of the Bankruptcy act itself, it is urged that the court erred in its rulings on the pleadings, and in its rulings on the given and refused charges.

DORTCH, MARTIN & ALLEN, for appellee. No extension having been granted, and the bill of exceptions having been signed more than thirty days from the date of the judgment, it can be considered only for the purpose of reviewing the action on the motion.—*Cobb v. Owens* 43 South. 826; Act 1901-1, 1299. A bill of exceptions cannot show the judgment of the court on the motion for new trial. It must be shown by the record proper.—148 Ala. 92. The main case then not being presented for review there is very little left for the court to consider. The rulings of the court on motion for new trial are amply supported by the following authorities.—Loveland on Bankruptcy, p. 560; Brandenburg on Bankruptcy, p. 602; 146 Ala. 521; *Grant v. National Bank,* 97 U. S. 81; *Southern Ry. v. Kirsh,* 43 South 796.

MAYFIELD, J.—The bill of exceptions in the main case must be stricken on appellee's motion. The record shows that the trial was had on November 6, 1907, and that the bill of exceptions was signed January 1, 1908. It thus affirmatively appears that the bill was signed more than 30 days after the trial without any extension

of time as required by the local statute. Acts 1900-01, p. 1299; *Cobb v. Owen,* 150 Ala. 410, 43 South. 826.

It does appear that on December 20th when the motion for a new trial was overruled, the appellant was granted 20 days in which to prepare and have signed a bill of exceptions; but this was after the time had expired in which a bill as to the main trial could be signed, and was consequently without efficacy to restore the lost right, and could only authorize the signing of the bill of exceptions as to the proceedings on the motion for a new trial, and not as to the main trial. For this reason, the bill of exceptions could only be considered as a part of the record for the purpose of reviewing the action of the court in overruling the motion for a new trial.— *Southern Railway Co. v. Kirsch,* 150 Ala. 659, 43 South. 796; *Keith's case,* 136 Ala. 469, 34 South. 925; *Brown's case,* 129 Ala. 282, 29 South. 548. The complaint, as originally filed, did not sufficiently point out whether the action was for money paid by the bankrupt to his creditor or for specific property purchased by the creditor from the bankrupt in payment of a preexisting debt. It was indefinite and uncertain in this respect. The trustee could sue for either, and the complaint should have informed the defendants which was claimed. The demurrer took this point, and was properly sustained.

But, even if these rulings on the pleadings could be said to be error, they were clearly without injury, for the reason that like pleadings—almost identical—in each case, were thereafter filed, and demurrers thereto overruled. The same or like evidence, in either case, would have supported a like verdict. This case being originally one to recover money paid by a bankrupt in violation of the bankrupt law, and for the goods received of the bankrupt in violation of such law as to preferences, and the counts as to the goods being with-

drawn, there are left only the counts as to the payments of money.

There were two claims as for money payments—one for $303.81 and the other for $1,017. The latter claim is eliminated because the undisputed evidence shows that the defendant R. J. Riddle never received it. So the real contest was and is as to the payment of this $303.81. The disputed questions were (1) the insolvency vel non of the alleged bankrupt at the time of the payments of the amounts alleged to constitute preferences; (2) knowledge or notice, on the part of the defendant, of facts such as would charge him with knowledge of the insolvency; (3) whether the defendant received a larger per cent. of his claim than that to which he was entitled. The plaintiff contended that the payments of money and the delivery of the goods constituted one and the same transaction, and that both should be considered in determining whether or not defendants had received a preference over the other creditors; while the defendants claimed that the payment of the money—the $303.81—was a separate and distinct transaction from that of the delivery of the goods. This question was by the trial court properly submitted to the jury. The jury found against the plaintiff (appellant here), and we find no error in the rulings of the court as to this matter.

It was likewise open for the jury to find that the alleged bankrupt was not insolvent at the time of the payment of the $300, and that the defendants were not chargeable with notice thereof; and it was likewise a jury question whether there was in fact a preference as to this payment if insolvency was found. Hence it cannot be said as matter of law that the verdict of the jury was wrong, or that the trial court erred in not setting it aside because contrary to the law or the evidence.

The ground of the motion for a new trial that "the court erred in its oral charge to the jury" is too general to be reviewed on this appeal—certainly so, when the oral charge is not set out.

The court properly refused charge "I," It was a mere argument, intended to answer argument of opposing counsel.

Charge "J" could have been given or refused without committing reversible error. It was calculated to mislead the jury as to the market value of the goods. It also singled out a part of the evidence, and for this reason was properly refused. Moreover, it was practically given in charge "12a," which was as follows: "You have the right to look at what the goods and the other assets of the firm brought at the sale, together with the other evidence, in determining the fair value of all the assets of the bankrupt estate."

Charge 8 was properly given. This court in the case of *Bacon, Trustee, v. Merchants' Bank of Florence,* 146 Ala. 533, 40 South. 413, spoke as follows: "The provisions of the bankrupt act under which this case is to be tried are, in substance, that if a bankrupt shall have given a preference and the person receiving it, or to be benefited thereby, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. Bankr. Act. July 1, 1898, c 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445). Section 67e, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), provides 'that all conveyances, transfers and assignments of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act, and within four months prior to the filing of the petition with the intent and purpose on his

[Herzberg. as Trustee, v. Riddle, et al.]

part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present paid consideration.' 'To constitute a fraudulent preference by an insolvent debtor, the preference must be an advantage actually given to one or more creditors over the others, with the knowledge of his situation and the intent to accomplish this end; *· * * and there must be guilty collusion.' Brandenburg on Bankruptcy, 344, citing *Clark Assignee, v. Iselin,* 11 N. B. R. 337, 21 Wall. 360, 22 L. Ed. 568. The act by the debtor in passing the check to the bank without more might be regarded as an intention on his part to prefer the bank. But the question recurs, and is the vital one in the case, did the bank know of the debtor's intention and his intent to give a preference, and, having knowledge, was there guilty collusion on the part of the bank with the debtor to accomplish this end?" This charge is authorized and warranted by this decision and by the facts in this case. It only adds the insolvency feature; and there could, of course, be no violation or evasion of the bankrupt law unless the debtor was insolvent, and the creditor could have no reasonable cause to believe that a preference was intended unless he knew or suspected the insolvency of his debtor. To suspect a preference denounced by the statute implies insolvency or the belief therein, because the former cannot exist without the latter, though the latter may exist without the former. If a man's debtor who is solvent pays him his debt in full, surely there is no ground to suspect a preference because every other creditor can compel payment; but if he accepts all of his debt, or a large part thereof, from a debtor known or suspected to be hopelessly insolvent, then he may know or have reasonable cause to believe that a preference is made in violation of the statute. But,

[Herzberg, as Trustee, v. Riddle, et al.]

if he accepts only that part of his debt to which he would be entitled if all the property liable to the debts should be apportioned among the creditors, then, of course, there is no preference such as is prohibited by the statute, though the debtor may be hopelessly insolvent.

It is insisted by appellant that this charge and many others were faulty, and should have been refused, for the reason that it was not at all essential to a recovery in the case that the defendants should have had reasonable cause to believe or to suspect the insolvency of the debtor at the time they received part payment of their debt; that the statute only requires that there be reasonable cause to believe that a preference is intended. Section 60, subsecs. "a," "b," of the bankruptcy act, reads as follows:

(60a) "A person shall be deemed to have given a preference if, being insolvent, he has within four months before the filing of the petition or after the filing of the petition and before the adjudication, procured or suffered a judgment to be rendered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

(60b) "If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

It is perfectly obvious that the statute only refers to insolvents. In the absence of insolvency, it has no application; and, if the creditor has no knowledge of, or reason to suspect, insolvency, he could have no purpose to

evade, avoid, or violate the statute. He could not suspect a preference in violation of the statute, unless he suspected that his debtor was insolvent. He could have no reasonable cause to believe that he was being preferred unless he had reasonable cause to believe that the debtor .was insolvent.

. This is the chief reason assigned why various charges given for defendants should have been refused. It is unnecessary to treat separately each of these charges—in fact, they are not so treated or insisted upon by the appellant. What we have said above we think sufficiently answers all objections, taken to the given or refused charges, which are sufficiently set out in the bill of exceptions and in the motion for a new trial to authorize their review on this appeal. The court seems to us to have tried the case upon the correct theory, and to have correctly charged the law as applicable to the facts; and we are unable to find any reversible error in those of its rulings which we are authorized to here review. But by this it is not meant to be intimated that such errors would be found if this court were authorized to review all those assigned.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.