# Southern Railway Co. *v.* Carroll.

### Injury to Passenger.

(Decided November 23, 1915. Rehearing denied January 11, 1916.
70 South. 984.)

1. **Carriers; Passengers; Insult; Humiliation.**—An insult to a passenger by a servant of defendant resulting in humiliation and mental distress to the passenger, but unaccompanied by any physical hurt or mental pain, will sustain a cause of action, and the fact that the action is brought for breach of the duty growing out of the contract of carriage can make no difference; the liability in such cases not being limited to female passengers.

2. **Bills of Exception; Presentation; Time.**—The presentation of a bill of exception to the trial judge within 90 days from the date of the judgment, is jurisdictional and absolutely essential to a review of any ruling on the trial not arising out of the record proper, unless such ruling is made a definite ground for a motion for new trial, and a bill of exceptions appropriate to a review of the rulings on such motion is presented within the time allowed by statute, and signed by the trial judge.

3. **Appeal and Error; Review; Reservation of Ground; New Trial.**—A motion for a new trial based on the ground that the verdict was contrary to law, and the court's instruction, that the court erred in giving charges requested by plaintiff "the court's action in giving each of said charges separately and severally being urged for error," and that the court erred in refusing charges requested by defendant, "the court's action in refusing to give each of said charges separately and severally, being urged for error," will not be reviewed as to the charges, since the grounds alleged were too general to authorize a review of the charges given or refused.

4. **Trial; Verdict; Sufficiency.**—Where a verdict read "we, the jury, render this verdict in favor of plaintiff, and damages amt. $200.00," it was not void, for though not in perfect form it determined the issues in favor of plaintiff, and was certain in the amount of damages assessed.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Newton R. Carroll against the Southern Railway Company for damages for injury while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is as follows:

"Plaintiff claims of defendant * * * as damages for that on, to-wit, * * * the defendant owned or maintained railroad tracks * * * over and along which it propelled trains of cars and was engaged in transporting thereon passengers for a reward. On said date, to-wit, * * * plaintiff was a pas-

senger on one of defendant's trains, and while he was such a passenger the conductor or auditor of said train, who was defendant's agent while acting in the line and scope of his employment so deported and demeaned himself towards plaintiff and openly charged plaintiff as being a rascal, and in a sneering manner, spoke of him as a person in need and patronizingly stated to plaintiff that he would give him a nickel, all of which was in the presence of one or more passengers, and on account of which plaintiff was greatly humiliated, mortified, and discredited, and his feelings and pride were sorely wounded."

The demurrers take the point that, unless accompanied by physical violence, defendant was not liable to plaintiff for any humiliation or mental hurt. In its application for new trial the defendant filed the following grounds:

(2) "The verdict of the jury was contrary to the law." (3) "The verdict of the jury was contrary to the instructions of the court." (6) "The court erred in giving to the jury at the request of plaintiff the written charges, the court's action in giving each of said charges separately and severally, being urged for error." (7) "The court erred in refusing to give to the jury the written charges requested by defendant, the court's action in refusing to give each of said charges separately and severally being urged for error."

WERT & LYNNE, or appellant. CALLAHAN & HARRIS, for appellee.

BROWN, J.— (1) The demurrer to the complaint takes the point that insult to a passenger by the carrier's servant, resulting in humiliation and mental distress to the passenger, unaccompanied by physical hurt, will not sustain a cause of action against the carrier. This question was considered in the very recent case of *Louisville & Nashville Railroad Co. v. Laney, Infra,* 69 South. 993, and the question ruled against appellant's contention. There it was observed: "The evidence shows without dispute that the defendant breached its contract by which it engaged to carry plaintiff to his destination at Montgomery, Ala., 'safely and properly, and to treat him respectfully,' and protect him against violence and insults of strangers, copassengers, and of its own servants. The plaintiff was therefore entitled to recover at least nominal damages, and in addition thereto all actual damages resulting as a direct consequence of the breach of the con-

tract, including damages for  *  *  *  indignity suffered from abuse and insults from the agents or servants of the defendant in ejecting him from the train," etc.—*Birmingham Railway, L. & P. Co. v. Glenn,* 179 Ala. 263, 60 South. 111; *Vinson v. Southern Bell Telephone Co.,* 188 Ala. 292, 66 South. 100, L. R. A. 1915C, 450.

That the cause of action stated in the complaint is for a breach of duty growing out of the contract of carriage makes no difference.

"To prescribe the duty of protection from insults and indignities, and yet hold the carrier immune to liability for the only consequence that can ordinarily result therefrom, viz., mental suffering, would be simply a contradiction in terms. That damages are recoverable in such cases, without physical injury, is by no means a novel doctrine."—*Birmingham Railway, L. & P. Co. v. Glenn, supra; Southern Ry. Co. v. Lee,* 167 Ala. 268, 52 South. 648.

Nor can we assent to the proposition that the rule of liability in such cases is limited to female passengers. That the passenger is a male or female, like other facts and circumstances attending an injury, may be pertinent for consideration of the jury in assessing the damages, we do not doubt, but the rule of liability is the same, regardless of the sex of the passenger.—*Louisville & N. R. R. Co. v. Laney, supra.*

(2) The judgment from which the appeal was taken was rendered on the 1st day of October, 1914; the bill of exceptions was presented to the trial judge January 16, 1915, and was signed on March 12, 1915. The presentation of a bill of exceptions to the trial judge within 90 days from the rendition of the judgment is jurisdictional and absolutely essential to the efficacy of the bill to authorize a review of any ruling on the trial, not arising out of the record proper, unless such ruling is made a definite ground for new trial, and bill of exceptions appropriate to a review of the rulings on the motion is presented within the time allowed by the statute and signed by the trial judge.—*Box, et al. v. Southern Ry. Co.,* 184 Ala. 598, 64 South. 69; *Southern Ry. Co. v. Kirsch,* 150 Ala. 659, 43 South. 796; *Herzberg, as Trustee, v. Riddle,* 171 Ala. 368, 54 South. 635. The motion for new trial in this case was overruled December 9, 1914; therefore the only questions presented for review are such as arise out of this action of the trial court.

[Southern Railway Co. v. Carroll.]

(3) Grounds 2, 3, 6, and 7 are too general to authorize a review of the charges given and refused. The charges are not set out in the motion so as to draw the attention of the trial court to the matters complained of and the assignments of error based on these grounds of the motion cannot be sustained.—*Southern Ry. Co. v. Kirsch, supra.*

The evidence has been duly considered, and we find evidence in the record which, if believed by the jury, authorized the verdict rendered.

"Where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and court below; and, where it can   *   *   *   be done, we are bound to attribute the size of the verdict to the effect of the evidence, rather than to passion, prejudice, or other improper mental attitude of the jury."—*Birmingham Railway, L. & P. Co. v. Torpy, Infra,* 70 South. 198; *Central of Georgia Ry. Co. v. White,* 175 Ala. 60, 56 South. 574; *Southern Railway Co. v. Kirsch, supra.*

(4) The verdict of the jury was not void. It is as follows:

"We, the jury, render this verdict in favor of the plaintiff and damages amt. $200.00."

While the verdict is not in perfect form, it determined the issues in favor of the plaintiff, and was certain in the amount of damages assessed. The verdict held void in *Ramer v. Fletcher,* 29 Ala. 470, did not determine the issues in favor of either party and was uncertain as to whether the plaintiff or the defendant had suffered damage.

As no error appears upon the record, the judgment of the law and equity court is affirmed.

Affirmed.